John **MIZERAK**, III, Plaintiff-Appellant,

v.

Brock **ADAMS**, United States Secretary of Transportation, et al., Defendants-Appellees.

No. 876, Docket 81–6188.

United States Court of Appeals, Second Circuit.

Argued April 7, 1982.

Decided June 28, 1982.

Philip D. O'Donnell, Herkimer, N. Y., for plaintiff-appellant.

George A. Yanthis, Asst. U. S. Atty., Albany, N. Y. (George H. Lowe, U. S. Atty., Albany, N. Y., on brief), for defendants-appellees.

Before LUMBARD and NEWMAN, Circuit Judges, and CURTIN,* District Judge.

NEWMAN, Circuit Judge:

John Mizerak III appeals from an April 20, 1981 order of the District Court for the Northern District of New York (Howard G. Munson, Chief Judge), dismissing, on cross-motions for summary judgment, his complaint challenging a February 19, 1980 decision of the Merit Systems Protection Board (MSPB).[1] That decision had upheld Mizerak's loss of his civil service position as an air traffic controller with the Federal Aviation Administration (FAA). Since both the agency and the Court decisions rest on a misperception of undisputed fact that is central to the validity of Mizerak's dismissal, we reverse.

All of the relevant facts are undisputed. Mizerak was dismissed on October 5, 1978 by the FAA because of an unauthorized absence that had occurred on February 17, 1977.[2] On that date Mizerak telephoned the Oneida County (N.Y.) airport tower at about 5:00 a. m. and said that illness prevented him from working his shift scheduled that day from 8:00 a. m. to 4:00 p. m. After completion of his shift the following day, Mizerak's supervisor asked him why he missed his shift on the 17th. Mizerak replied that he had been sick with diarrhea.[3] On that date Mizerak did not furnish his supervisor with any medical certificate from his physician attesting to his illness the previous day. About three weeks later a doctor's certificate was sent to the supervisor. In the course of administrative review of the FAA's October 5, 1978 decision to dismiss Mizerak, it became clear that the timeliness of receipt of the doctor's certificate was crucial to the finding of an "unauthorized" absence. In upholding the dismissal at the regional appeal level, the Seattle Region of the MSPB relied upon a February 4, 1977 letter to Mizerak, which, the reviewing officer stated, directed Mizerak "to furnish medical certification on return to duty from all future absences taken for medical reasons." The opinion denying the regional appeal concluded, "We believe it is, thus, clear why, when the appellant returned to duty on February 18 from ab-

---

* The Honorable John T. Curtin of the United States District Court for the Western District of New York, sitting by designation.

1. The docket entries do not reflect that a judgment was ever entered upon the granting of summary judgment, which disposed of all of appellant's claims. *See* Fed.R.Civ.P. 58. Though the Clerk's office should observe Rule 58, our appellate jurisdiction is not precluded by the absence of a formal judgment. *See Bankers Trust Co. v. Mallis*, 435 U.S. 381, 98 S.Ct. 1117, 55 L.Ed.2d 357 (1978).

2. The FAA had previously proposed on April 15, 1977 to dismiss Mizerak because of the February 17, 1977 absence. The dismissal that followed that notice was set aside for procedural reasons by the Federal Employees Appeals Authority of the Civil Service Commission (the predecessor of the MSPB). The procedural error was remedied in connection with the

second notice of dismissal and is irrelevant to this appeal.

3. Mizerak also told his superior that he was unwilling to work with a fellow employee, who was subsequently reassigned. At oral argument the Government suggested that Mizerak's statement about the fellow employee might have been the reason why the FAA found his explanation of his absence on February 17 unacceptable. However, the administrative record makes clear that the February 17 absence was found to be unauthorized solely because Mizerak did not produce a medical certificate on February 18. The agency's decision must be tested upon the grounds advanced by the agency. *Securities and Exchange Commission v. Chenery*, 318 U.S. 80, 63 S.Ct. 454, 87 L.Ed. 626 (1943).

sence for claimed medical reasons on February 17, and, in light of the aforementioned February 4 letter, did not furnish a physician's certification for that absence, he was considered to have been on unauthorized absence that day." Since the Government acknowledges that no regulation or policy of the FAA required employees to produce medical certificates of illness on the first day of their return to duty, the validity of the decision in Mizerak's case turns on the Government's claim, upheld by the MSPB[4] and the District Court,[5] that Mizerak had individually been made subject to such a requirement.

Examination of the record provides undisputed evidence that the premise of the agency decision is simply incorrect. The February 4, 1977 communication to Mizerak from his supervisor reads as follows:

In view of your sick leave record during the last 12 months, there is, in my judgement [sic] sufficient cause to believe your sick leave usage is questionable. Therefore, I must advise you that should such absence continue, I might find it necessary to require you to provide medical certification for each subsequent absence.

This letter is plainly advice that a requirement of documenting illnesses with a medical certificate was only a possibility that "might" be imposed in the future. This is confirmed by the supervisor's subsequent communication of March 3, 1977:

On February 4, 1977 I wrote to you concerning your sick leave record and advised you of the possibility of placing you under a requirement to furnish medical certification for future absence if your use of sick leave continued as in the past. Since that time you have taken sick leave

under the same circumstances as in the past.

In view of the above, and as of this date, I am placing upon you a requirement to provide me with a certificate from a licensed medical practitioner for each sick leave absence during the next six months. The certificate must contain the diagnosis of your illness, the type of treatment and the expected date of return to duty and must be provided to me immediately upon your return to duty from sick leave. Should your sick leave usage improve to my satisfaction, during the six month period, you will be advised that the requirement is rescinded and the notice shall be removed from the records.

Thus, the documentary evidence indisputably establishes that a requirement to produce a medical certificate of illness upon return to duty had not been imposed on Mizerak on February 4 and was first imposed on March 3, after the February 17 absence for which he was dismissed.

 An agency decision to dismiss a federal employee "for such cause as will promote the efficiency of the service," 5 U.S.C. § 7513(a) (Supp. IV 1980), 5 C.F.R. § 752.301 (1982), will be sustained by reviewing courts unless it is arbitrary or capricious. *McTiernan v. Gronouski*, 337 F.2d 31 (2d Cir. 1964); *Penna v. U. S. Army Corps of Engineers*, 490 F.Supp. 442 (S.D.N.Y.1980). Applying that standard, courts may not upset agency decisions simply because they disagree with the agency on the proper factual inferences to be drawn from the record. But an agency decision is arbitrary and must be set aside when it rests on a crucial factual premise shown by the agency's records to be indisputably incorrect. Mizerak's absence on February 17

4. The MSPB reviewed Mizerak's case through its Office of Appeals in Washington, D. C., after the Seattle Field Office had sustained the finding of an unauthorized absence but had concluded that the remedy of dismissal was too harsh. Upon the FAA's appeal, the Board reaffirmed the merits of the violation without elaboration and reinstated the remedy of dismissal, concluding that the regional office had erroneously failed to consider Mizerak's prior disciplinary record.

5. The District Court concluded that the finding of violation was not arbitrary because "on February 4, 1977, the Plaintiff had been directed to supply medical certifications for alleged sickness-related absences upon his return to duty, and because the Plaintiff had failed to produce such certification on the morning of the 18th."

was ruled to be grounds for discharge because it was incorrectly thought that he had previously been instructed to furnish prompt medical certification of any illness. Since such a requirement had not then been imposed, a dismissal based on the incorrect assumption is arbitrary. The Government has not disputed that Mizerak was ill on February 17; his discharge stands or falls on whether at that time he was required to produce a medical certificate upon his return to duty. Since he was not so required, the dismissal was arbitrary.

Reversed and remanded for determination of appropriate relief.